768 So.2d 88 (2000)
Richard and Nancy RAJNOWSKI
v.
ST. PATRICK HOSPITAL OF LAKE CHARLES, et al.
No. CW99-1817.
Court of Appeal of Louisiana, Third Circuit.
June 7, 2000.
Writ Denied October 6, 2000.
Lawrence Kullman, Lewis, Kullman & Sterbcow, New Orleans, Louisiana, Attorney for Plaintiff/Respondent.
James R. Shelton, Pugh, Boudreaux & Shelton, Lafayette, Louisiana, Attorney for Defendants/Applicants.
Benjamin J. Guilbeau, Jr., Stockwell, Sievert, Viccellio, Clements & Shaddock, Lake Charles, Louisiana, Attorney for Defendant/Applicant.
(Court composed of HENRY L. YELVERTON, ULYSSES G. THIBODEAUX and ELIZABETH A. PICKETT, Judges).
*89 YELVERTON, J.
This is a wrongful death action against a doctor, the doctor's insurer, and a hospital. The defendants filed exceptions of res judicata and prescription. The district court heard and denied both exceptions. When the exceptors applied for writs, we called up the case for briefing, arguments, and an opinion. We now deny the writ application, finding no error in the trial court's rulings.[1]
Richard and Nancy Rajnowski were the parents of Richard Rajnowski, Jr. (Ricky) who was born on February 1, 1983, at St. Patrick Hospital of Lake Charles. In 1986, when Ricky was about three and a half years old, the Rajnowskis filed a medical malpractice suit individually and on behalf of their minor child against Dr. Floyd Guidry; his insurer, St. Paul Fire & Marine Insurance Company; and St. Patrick Hospital. The Defendants then filed a peremptory exception of prescription averring that, because a period of three and one half years had passed since the alleged malpractice, the action had prescribed. The trial court granted the exception of prescription as to both Defendants and dismissed the suit with prejudice. The Rajnowskis appealed that ruling, and this court affirmed the trial court's judgment. Rajnowski v. St. Patrick's Hosp., 551 So.2d 806 (La.App. 3 Cir.1989). The Louisiana Supreme Court granted certiorari and affirmed the judgment. Rajnowski v. St. Patrick's Hosp., 564 So.2d 671 (La.1990).
Ricky died on February 27, 1998, at the age of 15. On February 23, 1999, the Rajnowski parents filed a wrongful death suit against the same Defendants that they sued in 1986. The plaintiffs alleged that Ricky died as a result of deviations in the standard of care by Dr. Guidry and St. Patrick Hospital during prenatal treatment of Nancy and delivery of the child. The Rajnowskis alleged that the Defendants' medical negligence caused their son's death. They prayed for wrongful death damages.
In response to this suit, Dr. Guidry and St. Paul filed exceptions of prematurity, prescription, and res judicata. St. Patrick Hospital filed exceptions of prematurity and prescription. The exceptions were heard, and the trial court granted the exception of prematurity. The trial court denied the exceptions of res judicata and prescription. It is from these rulings denying the exceptions of res judicata and prescription that Defendants now seek supervisory review.

OPINION

Exception of Res Judicata.
Dr. Guidry and St. Paul argue that the trial court erred in denying their exception of res judicata. They rely on La. R.S.13:4231 and its following language:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
. . . .
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
Dr. Guidry and St. Paul argue that because the Rajnowski's medical malpractice claim for damages previously filed in 1986 was dismissed on an exception of prescription, any subsequent action is extinguished, and the judgment bars this subsequent suit. The Rajnowskis counter with the argument that a wrongful death cause of action does not come into existence until *90 the tort victim dies, thus res judicata cannot apply.
We agree with the Rajnowskis. A "wrongful death action does not arise until the victim dies...." Taylor v. Giddens, 618 So.2d 834, 840 (La.1993). The wrongful death action that the Rajnowskis are now pursuing did not exist when the judgment in the medical malpractice action became final in 1990. The exception of res judicata was properly denied by the trial court.[2]

Exception of prescription.
Appellants urge this court to reverse the trial court's ruling that denied the exception of prescription. They contend that La.R.S. 9:5628 controls the wrongful death action. We disagree. That statute governs the time for filing medical malpractice actions. "[A] wrongful death action is not a malpractice action." Taylor, 618 So.2d at 841.
Therefore, it is not controlled by the prescriptive period for medical malpractice actions. The reference to actions for death in LSA-R.S. 9:5628 applies solely to survival actions as they are derivative of the malpractice victim's action. Further, wrongful death actions are not dependent upon the victim having a viable malpractice action. The date of the malpractice victim's death determines when the prescriptive period commences running, as that is the date the claimants are injured. The date of the discovery of the malpractice by the victim or the claimants prior to the victim's death, is not consequential.
The determination that the prescriptive period for wrongful death actions arising from acts of medical malpractice are not within the scope of LSA-R.S. 9:5628, does not alter the affect that the Medical Malpractice Act, LSA-R.S. 40:1299.41 et seq., has on wrongful death actions. The actions continue to be governed and procedurally controlled by the provisions of the Act. Rather, because LSA-R.S. 9:5628 does not provide the prescriptive period for wrongful death actions, the commencement and running of its prescriptive period is controlled by the one year liberative period applicable to delictual actions, LSA-C.C. art. 3492, and the action is available to the certain beneficiaries named in LSA-C.C. art 2315.2 (formerly named in LSA-C.C. art. 2315).
Id.
Therefore, the Rajnowski's wrongful death action which was filed within one year of Ricky's death was timely filed, and the trial court properly denied the exception of prescription.
For the foregoing reasons, the exception of res judicata as to Dr. Guidry and St. Paul was properly denied, and the exception of prescription as to Dr. Guidry, St. Paul, and St. Patricks was properly denied.
WRIT DENIED.
NOTES
[1] The captioned writ was consolidated with a companion, Rajnowski v. Guidry, CW99-2009 (La.App. 3 Cir. 6/7/00); 768 So.2d 90. We are handing down a separate judgment in the companion writ.
[2] In their briefs both sides assume that the res judicata law in effect after January 1, 1991 applies. This judgment argued to be preclusive became final in 1990, and the law in effect prior to January 1, 1991 applies. Nevertheless, we have applied the provisions of the new law, which has a broader application, merely to show that the judgment does not have preclusive effect under either test.