785 So.2d 262 (2001)
Cederick FAVAROTH
v.
Sean Brian APPLEYARD, M.D., and Van Meter and Associates, Inc.
No. 2000-CA-0359.
Court of Appeal of Louisiana, Fourth Circuit.
May 2, 2001.
Rehearings Denied May 31 and June 15, 2001.
*263 George J. Nalley, Jr., Dona J. Dew, George J. Nalley, Jr., A.P.L.C., Metairie, Counsel for Plaintiff/Appellant.
B. Aven Bruser, Monica A. Frois, Joseph Giarrusso, Jr., McGlinchey Stafford, New Orleans, Counsel for Defendant/Appellee.
Larry M. Roedel, David A. Woolridge, Jr., Roedel, Parson, Koch, Frost, Balfoff & McCollister, Baton Rouge, Amicus Curiae.
Court composed of Judge MIRIAM G. WALTZER, Judge TERRI F. LOVE, Judge DAVID S. GORBATY.
WALTZER, Judge.
Cederick Favaroth appeals the trial court's judgment dismissing his medical malpractice claims against Van Meter and Associates, finding that Favaroth did not submit his malpractice claims against Van Meter to a pre-suit medical review panel, a procedural requirement of the Louisiana Medical Malpractice Act. On appeal, we are confronted with a single legal issue, whether the LMMA's procedural requirement, that medical malpractice claimants submit their malpractice claims against a Louisiana qualified health care provider to a pre-suit review panel, applies to claims having contacts with another state, when the other state's laws do not require submission to a pre-suit review panel. In this opinion, we are considering only the applicability of the LMMA's requirement of a pre-suit medical review panel to a Louisiana qualified health care provider, Van Meter.

HISTORY OF THE CASE AND STATEMENT OF FACTS
At a camp in Mississippi, Favaroth, a Louisiana resident, injured his leg. He sought medical attention from Hancock Medical Center in Mississippi. Dr. Sean Appleyard treated Favaroth at Hancock. Van Meter and Associates, Inc., a Louisiana corporation, staffed the emergency room at Hancock, including Dr. Appleyard.
Eventually, Favaroth sought medical attention in Louisiana for the same injury, and doctors at Tulane Medical Center amputated his leg. Favaroth sued Dr. Appleyard and Van Meter and Associates in *264 Orleans Parish, Louisiana. He claimed Dr. Appleyard's treatment constituted medical malpractice, and he alleged Van Meter's vicarious liability for Dr. Appleyard's malpractice.[1] Dr. Appleyard filed an exception of lack of personal jurisdiction, and the trial court sustained the exception and dismissed Favaroth's claims against Dr. Appleyard. Favaroth did not appeal this judgment.
Van Meter filed an exception of prematurity, arguing that Favaroth had not submitted his malpractice claims against Van Meter, a qualified health care provider, to a medical review panel before filing his lawsuit. The trial court sustained the exception of prematurity and dismissed Favaroth's claims against Van Meter, without prejudice. Favaroth appeals the judgment, sustaining the exception of prematurity, dismissing the vicarious liability claims against Van Meter. He argues that Louisiana law does not apply to require submission of malpractice claims against Louisiana's qualified health care providers to pre-suit review panels, since the case has contacts with another state.
ASSIGNMENT OF ERROR: The trial court erred by sustaining Van Meter's exception of prematurity, because Favaroth did not submit his claims against Van Meter to a medical review panel before filing the lawsuit.
Favaroth argues that Louisiana law does not apply to this case, since the alleged malpractice occurred in Mississippi. Van Meter does not address Favaroth's arguments on appeal. They merely claim that Favaroth did not move for summary judgment for a determination of the applicable law. We find no reason to require a party opposing an exception, on the grounds that the law upon which the exceptors rely, file a separate motion to argue the applicability of another state's law to the issue before the court, in defense of the exception.[2] Moreover, we are disappointed that Van Meter's attorneys did not feel compelled to address appellant's primary argument on appeal, although they cited no legal authority for failing to do so.
The dilatory exception of prematurity questions whether the cause of action has matured to the point where it is ripe for judicial determination. This exception is the proper procedural mechanism for a qualified health care provider to invoke when a medical malpractice plaintiff has failed to submit the claim for decision by a medical review panel before filing suit against the provider. In this type of case, the exception of prematurity neither challenges nor attempts to defeat any of the elements of the plaintiff's cause of action. Rather, the defendant asserts that the plaintiff has failed to take some preliminary step necessary to make the controversy ripe for judicial involvement. Spradlin v. Acadia-St. Landry Medical Foundation, 98-1977 (La.2/29/00), 758 So.2d 116, 119. Thus, a malpractice claim against a private qualified health care provider is subject to dismissal on a timely filed exception of prematurity if such claim has not first been screened by a pre-suit medical review panel. LSA-R.S. *265 40:1299.47 A. This pre-suit screening process acts to delay, not to defeat, a tort suit for malpractice. Frank L. Maraist and Thomas C. Galligan, Jr., Louisiana Tort Law § 21-3(f) (1996).
We must decide whether the Louisiana Medical Malpractice Act's requirement that Favaroth submit his claim to a medical review panel applies. Before any court can decide whether Van Meter is a "qualified health care provider" and whether the claims against Van Meter constitute "malpractice", a court must conclude that Louisiana law applies to this issue. Whether Favoroth must submit his malpractice claims against Van Meter to a pre-suit review panel is the only issue upon which we express any opinion at this time. This opinion should not be considered a determination that Louisiana law applies to every issue in this case. We have not reached such a conclusion. Under Louisiana's choice of law rules, a sweeping determination that the law of one state applies to the case, as opposed to an issue in a case, constitutes a derogation of the appropriate analysis. When a conflict exists with regard to more than one issue, each issue should be analyzed separately. One result of this analysis might be that the laws of different states may be applied to different issues in the same dispute, or depecage. Comment (d) to LSA-C.C. art. 3515.
LSA-C.C. art. 3515 provides in part, "Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue." The use of the term "issue" in the first paragraph of this Article is intended to focus the choice-of-law process on the particular issue as to which there exists an actual conflict of laws. Comment (d) to LSA-C.C. art. 3515. However, before we begin an analysis of which state's law to apply to the issue before us, we must determine if an actual conflict exists. Essentially, Favaroth complains that Mississippi's law and Louisiana's law conflict, since the LMMA requires patients submit malpractice claims against qualified health care providers to a medical review panel before filing suit in Louisiana and Mississippi does not demand such a pre-suit review. We cannot agree that this distinction constitutes an actual conflict, demanding our consideration of the choice-of-laws process. Although the issue is res nova, we are guided by the Louisiana Supreme Court's consideration of a similar issue. Spradlin v. Acadia-St. Landry Medical Foundation, 98-1977 (La.2/29/00), 758 So.2d 116. In Spradlin, the Supreme Court held that "the procedural requirement [pre-suit medical review panel] of the Louisiana Medical Malpractice Act directly conflicts with EMTALA and is thus preempted ." The Court reasoned that compliance with both the LMMA's pre-suit medical review panel and EMTALA's two year statute of limitation "is a physical impossibility." Spradlin, supra at 122 [quoting 2 Norman J. Singer, Sutherland Statutory Construction § 36.08.50 (5th ed. 1993); Deberry v. Sherman Hospital Association, 741 F.Supp. 1302, 1307 (N.D.Ill.1990)]. Furthermore, the court found that "Since the state tolling provisions cannot toll the running of EMTALA's two year statute of limitations, the medical review panel requirement directly conflicts with EMTALA." Spradlin, supra at 123. However, we have no such concerns in Favaroth's case. Under LSA-C.C. art. 3549, Louisiana law, regarding liberative prescription and peremption, would generally apply to maintain Favaroth's suit. Although the law of another state may in theory be applied to an issue of prescription or peremption, *266 we believe, and the comments support our belief, that such a rare occurrence would not be possible to defeat Favaroth's claims. Comment (g) to LSA-C.C. art. 3549. Moreover, the pre-suit medical review panel constitutes a procedural requirement of the LMMA. Application of a procedural requirement, in this case the pre-suit review panel, does not contravene the choice of law rules. For these reasons, we do not believe the trial court erred in applying Louisiana law to the issue.
Favaroth did not assign as error the trial court's conclusions that he filed the suit against Van Meter, a qualified health care provider, before submitting these claims to a medical review panel. Favaroth has moved to supplement the record with evidence, allegedly disputing these conclusions, and the Patient's Compensation Fund has filed an amicus brief to argue the correctness of these conclusions. However, both Favaroth and the PCF rely on evidence not introduced in the trial court. Favaroth relies on a letter from the PCF, stating their belief that Van Meter is not a qualified health care provider for the alleged malpractice in Mississippi. The PCF relies on certain documents, reflecting Van Meter's contributions to the PCF, or the lack of such contributions, for any work in Mississippi. We cannot consider this evidence on appeal, since it was not introduced at the trial court. White v. West Carroll Hospital, Inc. ., 613 So.2d 150, 154 (La.1992). However, we may remand if we believe that such evidence would effect our decision on the merits. LSA-C.C.P. art. 2164 authorizes an appellate court to remand a case when it is a just and proper disposition based upon the record on appeal. A remand for new evidence must be based upon an examination of the merits. It is warranted only when the state of the record is such that the new evidence is likely to affect the outcome of the case. Id. [citing Herbert v. Travelers Indemnity Co., 255 La. 645, 232 So.2d 463, 464-65 (1970)]. Unfortunately, Favaroth did not assign as error the trial court's conclusion that Van Meter was a qualified health care provider. We will not consider matters not properly before us. For these reasons, we cannot conclude that the additional evidence is likely to affect the outcome of this appeal, and we decline to remand the matter for additional evidence. Thus, we will not consider either the PCF or Favaroth's arguments that the trial court erred in concluding that Van Meter is a qualified health care provider.

CONCLUSION
For the above reasons, we affirm the judgment of the trial court, sustaining Van Meter's dilatory exception of prematurity, dismissing Favaroth's claims without prejudice.
AFFIRMED.
NOTES
[1] Favaroth alleged Van Meter was negligent in hiring Appleyard and staffing Hancock. However, these claims are not before this court on appeal, since the judgment dismissing them, as premature, is final, after Favaroth voluntarily dismissed his appeal of the dismissal of these claims.
[2] In considering Van Meter's application for rehearing on Favaroth's motion for voluntary dismissal of part of his appeal. We denied this application for the reason that we cannot find any basis in law for it. Moreover, we believe it does not have any basis in fact, since the result of an order dismissing an appeal with or without prejudice has the same effect.