| .TERRI F. LOVE, Judge.
STATEMENT OF THE CASE AND FACTS
Denise Wallman[1], the appellant, seeks review of the trial court’s order granting the exception of prematurity filed by Rich *1218 ard K. Akin, D.D.S., the appellee, m tras medical malpractice action.
On June 4, 2001, Dr. Akin performed dental surgery on the appellant at his clinic in Bay St. Louis, Mississippi, and the appellant claims she was injured during the surgery. On June 3, 2002, the appellant’s counsel mailed a letter to the Louisiana Commissioner of Administration and to the Patients’ Compensation Fund (“PCF”) requesting the formation of a medical review panel to review the care rendered by Dr. Akin. On June 4, 2002, the appellant filed her medical malpractice action.
By letter dated June 18, 2002, the PCF acknowledged receipt of the appellant’s complaint, assigned a PCF file number to the matter, and informed the appellant that Dr. Akin was a qualified health care provider enrolled in the PCF on the date of the alleged malpractice.
By letter dated September 4, 2002, the PCF further advised the appellant as follows:
1 gIt has now come to our attention that the acts and/or omissions by Dr. Akin occurred in Mississippi. The Patient’s Compensation Fund (“PCF”) has consistently taken the position that the [Louisiana medical malpractice act] does not apply to acts of medical malpractice occurring outside the borders of Louisiana. The PCF does not view the case of Favaroth v. Appleyard, 2000-0359 (La.App. 4 Cir. 05/02/01), 785 So.2d 262 as controlling authority on this issues as that issue was not placed squarely before the Court. However, in the event that a final judgment would be issued by a court of competent jurisdiction in this case, the PCF would abide by the Court’s order regarding the Medical Review Panel process.
On September 6, 2002, two days after the PCF dismissed the appellant’s claim and denied the request for a medical review panel, Dr. Akin was served with citation and process.
On September 12, 2002, Dr. Akin filed his dilatory exception of prematurity for failure to convene a medical review panel prior to bringing suit. The appellant opposed the exception of prematurity on the grounds that the PCF denied her request for formation of a medical review panel because the alleged acts or omissions occurred outside of Louisiana. Dr. Akin relied on this court’s previous decision in Favaroth v. Appleyard, 2000-0359 (La.App. 4 Cir. 5/2/01), 785 So.2d 262, in which this court held that a patient treated in Mississippi by a Louisiana health care provider must submit his malpractice claim to a pre-suit review panel. The appellant distinguished Favaroth by pointing out that she submitted her malpractice claim for consideration by a pre-suit review panel, but the PCF dismissed the complaint and refused her request. On October 25, 2002, the trial court heard the exception and granted the same. This devolutive appeal follows.
^DISCUSSION
The appellant argues that the trial court erred in granting the appellee’s exception of prematurity in this medical malpractice action. The appellant claims that this court’s previous decision in Favaroth is not controlling. According to the appellant, this court in Favaroth addressed the issue of whether the plaintiff must first submit his malpractice claims against the health care provider to the PCF and request a pre-suit review panel when the allegedly negligent care was rendered outside of Louisiana. This court, stresses the appellant, held that the plaintiff first had to submit his malpractice claims before bringing suit.
*1219 The appellant in the instant case argues that, unlike the plaintiff in Favaroth, she submitted her malpractice claim for consideration by a pre-suit review panel. The PCF, however, dismissed the complaint and refused her request because the alleged negligent act or omission occurred outside of Louisiana. The appellee argues that Favaroth is controlling and directly on point with the facts of the instant case.
The requirements for bringing a medical malpractice claim before a medical review board are provided for in La. R.S. 40:1299.47, which reads in pertinent part as follows:
A. (1) All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section.
[[Image here]]
B. (l)(a)(i) No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant’s proposed complaint has been presented to a medical review panel established pursuant to this Section.
LLa. R.S. 40:1299.47(A)(1) and (B)(l)(a)(i) (emphasis added). The Louisiana medical malpractice act does not specify submission of a claim to the PCF, but rather to a medical review panel. Furthermore, the Louisiana medical malpractice act does not specify a different procedure when the alleged act or omission occurred outside of Louisiana.
The facts of the instant case and those in Favaroth are nearly identical: the alleged negligent act or omission occurred outside of Louisiana, and the appellant brought suit without first submitting the claim to a pre-suit review panel. In Fa-varoth, the plaintiff failed to bring the claim to the PCF. In the instant case, the plaintiff brought the claim to the PCF, but a medical review panel was not convened.
The fact that the appellant in the instant case previously submitted her claim to the PCF, which refused to convene a medical review panel, does not distinguish Favar-oth. Pursuant to the Louisiana medical malpractice act, a claim against a qualified health care provider must be submitted to a pre-suit review panel before the action may be brought in any court. La. R.S. 40:1299.47. This court in Favaroth clearly held that the fact that the alleged act or omission occurred outside of Louisiana did not obviate the need for medical malpractice claims to be submitted to a pre-suit review panel. In the instant case, the PCF initially notified the appellant that that the appellee was a qualified health care provider. The appellant brought her claim to the PCF but the claim has not yet been submitted to a pre-suit review panel. The end result in both the instant case and Favaroth is that neither plaintiff had the medical malpractice claim reviewed by a panel. Therefore, | ¡Favaroth is controlling and applicable, and the trial court did not err in granting the exception of prematurity-
CONCLUSION
The judgment of the trial court granting the exception of prematurity is affirmed.
AFFIRMED.

. The appellant is a Mississippi resident.