999 So.2d 29 (2008)
Regina Marie PRICE f/k/a Regina Price Turner
v.
MEDICAL CENTER OF LOUISIANA AT NEW ORLEANS, formerly Charity Hospital at New Orleans, and Louisiana State University Health Sciences Center, et al.
No. 2008-CA-0037.
Court of Appeal of Louisiana, Fourth Circuit.
November 5, 2008.
*30 Jeffery W. McDonald, McDonald Law Firm, APLC, Gretna, Louisiana, for Plaintiff/Appellant.
James D. "Buddy" Caldwell, Attorney General State of Louisiana, Kenneth M. Henke, Special Assistant Attorney General, State of Louisiana, Oats & Hudson, Lafayette, Louisiana, for Defendants/Appellees.
(Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY, III, Judge DAVID S. GORBATY).
JAMES F. McKAY, III, Judge.
The appellant, Regina Marie Price Turner, appeals the judgment of the trial court granting the appellees', Medical Center of Louisiana at New Orleans, et al, dilatory exception of prematurity.
On August 10, 2003, Regina Marie Price Turner went to the emergency room at the Medical Center of Louisiana at New Orleans with complaints of a persistent headache. The results of a CT scan indicated fissure grade 1 to 2 subarachnoid hemorrhages primarily in the left temporal area. As a result, she was hospitalized and a cerebral angiogram was performed which demonstrated a left-sided MCA aneurysm on the distal segment of the MI portion. She was released after seven days of hospitalization and scheduled for an elective craniotomy and clipping of the aneurysm. On September 30, 2003, Regina Marie Price Turner was admitted to the Medical Center of Louisiana, for surgery related to the brain aneurysm. The appellant asserts that during the surgery staff employees and physicians injured her nose resulting in a permanent facial scar. This is the extent of the relevant facts in this matter as the primary issue of this appeal is statutorily based.
On September 28, 2004, the appellant filed a complaint with the Commission of Administration for review of her complaint by a medical review panel against the Medical Center of Louisiana at New Orleans, Dr. Gump Williams and Dr. Lori Summers, pursuant to La. R.S. 40:1299.39.1(A)(1), of the Medical Liability for State Services Act ("MLSSA"). On November 27, 2006, the matter was presented to a medical review board. The panel concluded that "the evidence does not support the conclusion that the defendants, the Medical Center of Louisiana at the New Orleans Campus, Dr. William Gump and Dr. Lori Summers, failed to *31 meet the applicable standard of care as charged in the complaint." The panel further opined that "[i]f this mark occurred during the perioperatine, it is a recognized complication from this type of surgery and does not indicate a breach in the standard of care."
On April 10, 2007, the appellant filed her in forma pauperis petition for damages against the appellees, which named as defendants Drs. Gump Williams, Lori Summers, Miguel Melgar and the Medical Center of Louisiana at New Orleans. On April 30, 2007, the defendants filed a dilatory exception of prematurity pursuant to La. C.C.P. art. 926(A)(1) premised upon Ms. Turner's failure to present the name of Dr. Miguel Melgar to a medical review panel pursuant to La. R.S. 40:1299.47.[1] The basis for the defendants' dilatory exception of prematurity was that Dr. Miguel Melgar was not a named defendant in the original complaint of November 27, 2006. Therefore, a claim against Dr. Miguel Melgar was never properly presented or reviewed by the medical review panel and the claim against him was premature. More than one hundred days had passed since the medical review panel's decision. On October 11, 2007, the trial court granted the defendants' dilatory exception of prematurity.
The dilatory exception of prematurity provided for in La.Code Civ. Proc. art. 926 questions whether the cause of action has matured to the point where it is ripe for judicial determination, because an action will be deemed premature when it is brought before the right to enforce it has accrued. Williamson v. Hospital Service Dist. No.1 of Jefferson, 04-0451, p. 4 (La.12/1/04), 888 So.2d 782, 785; Spradlin v. Acadia-St. Landry Medical Foundation, 98-1977, p. 4 (La.2/29/00), 758 So.2d 116, 119; see also Frank L. Maraist & Thomas C. Galligan, Jr., Louisiana Tort Law § 21-3(f) (1996). Under the Louisiana Medical Malpractice Act ("LMMA"), a medical malpractice claim against a private qualified health care provider is subject to dismissal on an exception of prematurity if such claim has not first been presented to a medical review panel. La.R.S. 40:1299.47(A); Williamson, 04-0451 at p. 4, 888 So.2d at 785. This exception is the proper procedural mechanism for a qualified health care provider to invoke when a medical malpractice plaintiff has failed to submit the claim for consideration by a medical review panel before filing suit against the provider. La.Code Civ. Proc. art. 926. LaCoste v. Pendleton Methodist Hospital, XXXX-XXXX, p. 5 (La.9/5/07), 966 So.2d 519, 524.
The appellant asserts two assignment of error: 1) the trial court erred in ruling that appellant's action against the defendants, Dr. William Gump, Dr. Lori Summers and the Medical Center of Louisiana in New Orleans was premature; 2) the trial court erred in ruling that appellant's action against Dr. Miguel Melgar was premature. Essentially, the dispositive issue in this case is whether a claim against a qualified health care provider must be a named defendant in the medical review proceeding as a condition precedent to an action against him and whether the claim against him was fully reviewed in the medical review proceeding.
Because the issues in this appeal require a review of issues of law, we review the *32 matter de novo. The defendants are unquestionably qualified health care providers working for a State facility and are clearly covered under the ambit of the LMMA. Specifically, the claim requires a review by a medical panel pursuant to MLSSA, La. R.S. 40:1299.39.1, which corresponds with the relevant sections of the Medical Malpractice Act La. R.S. 40:1299.47.
The sole argument that the appellant presents to this Court is prefaced upon this Court's opinion in Jackson v. State of Louisiana 2002-2210 (La.App. 4 Cir. 5/7/03), 847 So.2d 669.
In Jackson, the plaintiff failed to name one of the treating physicians in his request with the Commission of Administration for review of his complaint by a medical review panel. The trial court found that the claim against the unnamed physicians was not premature. This decision was affirmed by this Court in a two to one decision with one member of the panel dissenting. This Court noted that the claims against the unnamed physician were fully reviewed in a medical review proceeding, "as such we find that the medical review panel in reviewing the plaintiff's complaint in accordance with the MLSSA, also considered the actions and inactions of Dr. Dulitz, and thus the civil suit against him is not premature." Id. at 673.
Jackson, as argued in the trial court, is of no moment in the instant case as it has essentially been legislatively overruled by La R.S. 40:1299.39.1, specifically, § A(1) which as amended by Acts 2003, No. 1263, effective date July 7, 2003.
The statute is specific in that a state health care provider must be named in the request for review by a medical review panel. The trial court stated at trial "I'm granting the exception based on the statutory provision. It seems as if the allegations against Dr. Melgar have to be addressed by the panel specifically."
The record establishes that Dr. Miguel Melgar was not named in the statutory request for review by a medical review panel. The State Medical Malpractice Act mandates that all malpractice claims against qualified providers, shall be reviewed by a state medical review panel and that no action may be commenced in any court before the claim has been presented to the panel. La. R.S. 40:1299.39.1(A)(1)(a); La. R.S. 40:1299.39.1(B)(1)(a)(i). There is no contention that Dr. Melgar is not such a provider. Clearly, Dr. Melgar was denied his statutory protection. In addition to the denial of his statutory right to a review panel hearing, Dr. Melgar has been denied the two most fundamental elements of procedural due process guaranteed by both the Federal and Louisiana constitutions, notice and the opportunity to be heard prior to deprivation of life, liberty or property. Even assuming that the review panel considered the negligence of all the named physicians and the hospital itself, Dr. Melgar has suffered a serious deprivation of his own right as a qualified health care provider to have notice of the hearing and to present his case to the panel. Had Dr. Melgar properly been named according to the provisions of the statute, he might have chosen to be represented by his own independent counsel before the medical review panel. Furthermore, he had no notice as required by the 14th Amendment to the Federal Constitution and the LMMA and he was not given an opportunity to be heard by the medical review panel.
The appellees argue that the action against Dr. Melgar is extinguished by preemption. The law, since the filing of this appeal, has been modified. See Borel v. *33 Young, XXXX-XXXX (La.8/29/08), 989 So.2d 42. Because this issue was not argued in the trial court there is nothing for this Court to review on the issue of preemption. The interests of justice are best served by remanding this matter to the trial court. See Hernandez v. Chalmette Medical Center XXXX-XXXX (La.App. 4 Cir. 8/21/02), 826 So.2d 641. Since prescription was not asserted at trial, the appellees did not have the opportunity to present evidence as to the issue of prescription. Therefore, we remand the matter to the trial court to rule on this matter especially in recognition of the recent Louisiana Supreme Court's decision in Borel.
Based on the above and foregoing we find that any action against Dr. Melgar is premature. Therefore, any and all actions against defendants, Medical Center of Louisiana in New Orleans, Dr. Gump and Dr. Summers are hereby stayed pending the final disposition of the claims against Dr. Miguel Melgar. We affirm the judgment of the trial court granting the dilatory exception of prematurity as to Dr. Melgar. We vacate the judgment granting the dilatory exception of prematuriy and stay all matters pertinent to Medical Center of Louisiana in New Orleans, Dr. Gump and Dr. Summers. We remand the matter for further proceedings consistent with this opinion.
AFFIRMED IN PART, VACATED IN PART AND REMANDED.
NOTES
[1] Louisiana Revised Statute, Title 40, § 1299.47 specifically provides in pertinent part:

A. (1)(a) All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section.