2016-0145 (La.App. 4 Cir. 12/14/16)

### IN RE: MEDICAL REVIEW PANEL CLAIM OF Sylvia Veronica SCOTT

#### NO. 2016–CA–0145

Court of Appeal of Louisiana, Fourth Circuit.

DECEMBER 14, 2016

---

Sylvia Veronica Scott, 950 Josephine Street, Suite 221, New Orleans, LA 70130, PLAINTIFF–APPELLANT/PRO SE

Paul R. Trapani, III, Jon A. Van Steenis, DAIGLE FISSE & KESSENICH, PLC, P. O. Box 5350, Covington, LA 70434, COUNSEL FOR DEFENDANT–APPELLEE

(Court composed of Judge Paul A. Bonin, Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins)

PAUL A. BONIN, JUDGE

Sylvia Scott, without the assistance of counsel, initially filed suit against Transitional Hospital Corporation of Louisiana, Inc., which does business as Kindred Hospital New Orleans, for injuries she alleged she sustained from a sexual battery committed upon her by one of the hospital's employees. Kindred, contending that the claim must first be submitted to a medical review panel, filed an exception of prematurity in the trial court. The trial judge agreed, sustained the exception, and dismissed the suit as premature. Importantly for our purposes, Ms. Scott did not appeal that dismissal of her initial suit.

Ms. Scott, however, in accord with the district judge's ruling proceeded to file a complaint with the Division of Administration on December 15, 2014, in which she complained about the misconduct of Kindred's employees from May 16, 2013, through July 31, 2013. In response, arguing that more than one year had elapsed from the injury until the filing, Kindred filed an exception of prescription in the district court. Ms. Scott opposed the exception, primarily arguing that the prescriptive period for the sexual battery was two years and that the earlier dismissal on the ground of prematurity was wrongly decided.

Concluding that the earlier ruling which, even if decided erroneously, determined that the claim was a medical negligence claim was binding, the trial judge found that the applicable prescriptive period was one year and thus dismissed with prejudice the medical review panel complaint. From this judgment, Ms. Scott devolutively appeals. We have conducted a *de novo* review of the judgment granting the exception of prescription and dismissing Ms. Scott's complaint with prejudice and affirm the judgment. We explain our decision in greater detail below.

**I**

We first examine the background of these proceedings. Although she initiated the present medical review panel proceeding on December 15, 2014, the present controversy began on May 5, 2014, when Ms. Scott filed suit against Kindred, as well as its administrators and insurers, in the Civil District Court for the Parish of Orleans seeking damages for her alleged sexual battery at the hands of one or more of Kindred's employees. *See* La. R.S. 14:93.5.[1] Kindred responded with a dilatory exception of prematurity in which it

---

1. La. R.S. 14:93.5 provides:

A. Sexual battery of persons with infirmities is the intentional engaging in any of the sexual acts listed in Subsection B of this Section with another person, who is not the spouse of the offender, when:

(1) The offender compels the victim, who is physically incapable of preventing the act because of advanced age or physical infirmity, to submit by placing the victim in fear of receiving bodily harm.

(2) The victim is incapable of resisting or of understanding the nature of the act by reason of stupor or abnormal condition of the mind produced by an intoxicating, narcotic, or anesthetic agent administered by or with the privity of the offender.

(3) The victim has such incapacity, by reason of a stupor or abnormal condition of mind from any cause, and the offender knew or should have known of the victim's incapacity.

(4) The victim is incapable, through unsoundness of mind, whether temporary or permanent, of understanding the nature of the act, and the offender knew or should have known of the victim's incapacity.

B. For purposes of this Section, "sexual acts" mean the following:

(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or

(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.

C. Normal medical treatment and normal sanitary care shall not be construed as an offense under the provisions of this Section.

argued that Ms. Scott's petition alleged medical negligence thus necessitating the presentation of Ms. Scott's claims first to a medical review panel.[2] *See* La C.C.P. art. 926; *Burandt v. Pendleton Mem'l Methodist Hosp.*, 13–0049, pp. 5–6 (La.App. 4 Cir. 8/7/13), 123 So.3d 236, 240. The trial judge, subsequently, granted Kindred's exception of prematurity, denied the exception of lack of procedural capacity, pretermitted consideration of the remaining exceptions and objections, and dismissed Ms. Scott's petition, "without prejudice, until such time as a properly constituted Medical Review Panel considers her claims of medical malpractice."[3]

Ms. Scott did not seek appellate review of this judgment, but instead filed a Medical Review Panel Request on December 15, 2014. In her request, Ms. Scott named as defendants Kindred and University Medical Center Management Corp., d/b/a Interim LSU Hospital. Ms. Scott alleges that University violated the applicable standard of care by involuntarily confining her on two occasions in 2013 without an initial examination by a coroner or a physician. As for Kindred, Ms. Scott alleged that it violated the standard of care by: 1) uncritically accepting the commitment reports from University; 2) allowing her to be sexually battered while she resided at Kindred; 3) failing to properly investigate her sexual battery claims; 4) intentionally inflicting physical and emotional trauma; and 5) improperly retaliating against her after she complained. The hospitals then engaged in discovery practice.

University subsequently filed an exception of prescription on May 7, 2015, which the trial court granted on July 1, 2015, following a show-cause hearing. Kindred, likewise, filed an exception of prescription on August 25, 2015. Kindred argued that Ms. Scott's medical review panel request was prescribed, and should thus be dismissed. Kindred first premised its argument upon the observation that Louisiana's Medical Malpractice Act ("LMMA") provides that all malpractice claims against qualified healthcare providers must first be submitted to a medical review panel before a lawsuit can be filed.[4] *See* La. R.S. 40:1299.47 A(1)(a). It then pointed out that while a timely filed request for a medical review panel will suspend prescription on a medical malpractice claim, a prematurely filed lawsuit will not suspend prescription on a medical review panel claim. *See* La. R.S. 40:1299.47 A(2)(a); *Bush v. Nat'l Health Care of Leesville*, 05–2477, pp. 4–5 (La. 10/17/06), 939 So.2d 1216, 1218–1219. Kindred then observed that because Ms. Scott's claims against Kindred sound in tort, they are subject to a one-year prescriptive period. *See* La. R.S. 9:5628.[5]

---

D. Whoever commits the crime of sexual battery of persons with infirmities shall be punished by imprisonment, with or without hard labor, for not more than ten years.

2. Kindred, in the same pleading, also asserted exceptions of nonconformity of the petition with the requirements of Article 891 of the Louisiana Code of Civil Procedure, vagueness, insufficiency of service of citation, and lack of procedural capacity. Kindred's motion also incorporated a motion to strike the petition's request for a specific monetary amount. *See* La. C.C.P. art. 893 A.

3. Ms. Scott's petition, Kindred's exception, and the resulting judgment, are the only documents from Ms. Scott's 2014 lawsuit contained in the record now before us.

4. Ms. Scott does not dispute that Kindred is a qualified healthcare provider.

5. La. R.S. 9:5628 provides:
A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1231.1(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of

It also pointed out that the events noted by Ms. Scott in her various complaints all transpired between May 15, 2013, and, at the very latest, August 2, 2013. Kindred therefore argued that dismissal was proper because Ms. Scott's prematurely filed petition in the district court did not suspend the running of prescription on her 2013 malpractice claims, which had prescribed in August of 2014 several months prior to the filing of her medical review panel request.

In response, Ms. Scott disputed Kindred's contention that the applicable prescriptive period is one year. Rather, Ms. Scott pointed to Article 3493.10 of the Louisiana Civil Code, which provides: "Delictual actions which arise due to damages sustained as a result of an act defined as a crime of violence under Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950, except as provided in Article 3496.2, are subject to a liberative prescription of two years. This prescription commences to run from the day injury or damage is sustained." Here, Ms. Scott alleged that Kindred violated the applicable standard of care by allowing its employees to commit sexual battery upon her in violation of La. R.S. 14:93.5, which criminalizes the sexual battery of the infirm. Section 2 of Title 14 of the Louisiana Revised Statutes lists sexual battery as a crime of violence. Because the first sexual battery against her allegedly transpired in May of 2013, Ms. Scott reasoned that her December 15, 2014 request for a medical review panel was not untimely because it was made within two years of the day the injury was sustained.

At the subsequent hearing, the trial judge explained to Ms. Scott why she was constrained to grant Kindred's exception:

I thought you wrote a fantastic brief to be *pro se*. This is the problem in your case. First of all, this case probably should have been consolidated with the old case that Judge Julien had. Judge Julien ruled—which is the law of the case—that your case sounded in malpractice. Okay?

* * *

That's what she said. Now, if you didn't agree with that, you should have appealed that decision. That is now the law of the case. By the time you went to the medical review panel, your claim had prescribed, because it was late. It was past the dates—even if I give you August 2, 2013, as your last date of treatment, you didn't file with the Division of Administration until December 15, 2014.

The trial court, accordingly, signed a judgment on December 22, 2015 dismissing with prejudice Ms. Scott's claims against Kindred. Ms. Scott then timely sought appellate review with this Court.

## II

In this Part we summarize the well-established rules applicable to exceptions of prescription.

"Prescription must be pleaded." La. Civil Code art. 3452. The objection is

---

the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
C. The provisions of this Section shall apply to all healthcare providers listed herein or defined in R.S. 40:1231.1 regardless of whether the healthcare provider avails itself of the protections and provisions of R.S. 40:1231.1 et seq., by fulfilling the requirements necessary to qualify as listed in R.S. 40:1231.2 and 1231.4.

raised by peremptory exception. *See* La. C.C.P. art. 927 A(1). Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. *See Spott v. Otis Elevator Co.*, 601 So.2d 1355, 1361 (La. 1992) (internal citations omitted). "If prescription is evident on the face of the pleadings, however, the burden shifts to the plaintiff to show that the action has not prescribed." *Scott v. Zaheri*, 14-0726, pp. 7–8 (La.App. 4 Cir. 12/3/14), 157 So.3d 779, 785. The trial court is not bound to accept as true the allegations of a petition in its trial of the peremptory exception. *See Bowers v. Orleans Parish School Bd.*, 95-2530, pp. 7–8 (La.App. 4 Cir. 5/29/96), 694 So.2d 967, 972. Evidence may be introduced at the trial of an exception of prescription. *See* La. C.C.P. art. 931. Because Kindred's exception of prescription was filed before the trial of the case, evidence was admissible at the ensuing hearing on the exception. *See* La. C.C.P. arts. 929, 931. Here, the effect of sustaining Kindred's exception was the dismissal with prejudice of Ms. Scott's claims against it. *See* La. C.C.P. arts. 934, 1673.

■ We review *de novo* a judgment sustaining an exception of prescription because it raises a legal question. *See Metairie III v. Poche' Const., Inc.*, 10-0353, p. 3 (La.App. 4 Cir. 9/29/10), 49 So.3d 446, 449. The standard controlling our review of a peremptory exception of prescription compels us to strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished. *See Albe v. City of New Orleans*, 14-0186, p. 6 (La.App. 4 Cir. 9/17/14), 150 So.3d 361, 366. When, as here, evidence is introduced and evaluated at the trial of a peremptory exception, we first review the entire record to determine whether the trial court manifestly erred with its factual conclusions. *See Davis v. Hibernia Nat. Bank*, 98-1164, p. 2 (La.App. 4 Cir. 2/24/99), 732 So.2d 61, 63. And we cannot disturb a trial court's factual findings supporting pre-

scription unless they are clearly wrong. *See M.R. Pittman Grp., L.L.C. v. Plaquemines Par. Gov't*, 15-0513, p. 9 (La.App. 4 Cir. 12/2/15), 182 So.3d 303, 309.

## III

Before we address the prescription issue, which is the subject of this appeal, it is necessary to first examine the effect of Ms. Scott's failure to appeal the judgment which sustained the exception of prematurity. We undertake this examination because it is determinative of the character of Ms. Scott's claims and therefore which prescriptive period is applicable.

## A

■ The trial judge in the prior case dismissed Ms. Scott's civil suit after finding that her claims alleged medical malpractice which must first be submitted to a medical review panel. The November 2014 ruling was a final and appealable judgment. *See* La. C.C.P. arts. 1841, 1918, 2083; *see also Price v. Medical Center of Louisiana at New Orleans*, 08-0037 (La. App. 4 Cir. 11/5/08), 999 So.2d 29; *Wallman v. Akin*, 03-0297 (La.App. 4 Cir. 9/10/03), 856 So.2d 1217; *Butler v. Flint-Goodridge Hospital of Dillard University*, 346 So.2d 1131 (La. App. 4th Cir. 1977) (judgment dismissing suit without prejudice on exception of prematurity is final and appealable judgment). It is undisputed that Ms. Scott did not appeal the judgment, which rendered it final. *See In re Medical Malpractice Claim of Scardina*, 07-1091, p. 3 (La.App. 4 Cir. 3/12/08), 981 So.2d 692, 693–94; *see also Grimes v. Louisiana Medical Mut. Ins. Co.*, 10-0039, pp. 2–3 (La. 5/28/10), 36 So.3d 215, 217 ("[T]he judgment of dismissal acquires the authority of a thing adjudged when the plaintiff fails to appeal the dismissal of his action.") (citation omitted). And "[o]nce a final judgment acquires the authority of a thing

adjudged, no court has jurisdiction to change the judgment, regardless of the magnitude of the final judgment's error." *Avenue Plaza, L.L.C. v. Galgoust*, 96–0173, p. 5 (La. 7/2/96), 676 So.2d 1077, 1079.

This principle stems from the doctrine of res judicata, which prevents the re-litigation of claims and issues arising out of the same factual circumstances when there is a valid, final judgment. *See* La. R.S. 13:4231; *Myers v. National Union Fire Ins. Co. of Louisiana*, 09–1517, p. 5 (La.App. 4 Cir. 5/19/10), 43 So.3d 207, 210. The chief inquiry involved in determining whether res judicata applies is "whether the second action asserts a cause of action which arises out of the same transaction or occurrence that was the subject matter of the first action." *Burguieres v. Pollingue*, 02–1385, p. 7 (La. 2/25/03), 843 So.2d 1049, 1053. In addition, the following must be satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *See id.* at p. 7, 843 So.2d at 1053.

In this case, all elements of res judicata are met. The parties are the same as in the civil suit and the causes of action in the medical review panel request stemmed from the same allegations which were the subject of the first litigation, which necessarily means the causes of action existed at the time the suit was dismissed. The judgment is valid, and as noted, became final after the time elapsed for Ms. Scott to file an appeal. *See Burguieres*, at p. 8, 843 So.2d at 1053 ("For purposes of res judicata, a valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given.").

**B**

Because all the elements of res judicata are met, the judgment in the first litigation, which found that Ms. Scott's claims were based on medical negligence, and therefore subject to a one-year prescriptive period, is conclusive of the issue. *See* La. R.S. 13:4231. Moreover, a judgment disposing of an issue must be given finality *even if the judgment was erroneous. See City of Arlington, Tex. v. F.C.C.*, 569 U.S. ——, ——, 133 S.Ct. 1863, 1869, 185 L.Ed.2d 941 (2013) ("A court's power to decide a case is independent of whether its decision is correct, which is why even an erroneous judgment is entitled to res judicata effect."); *see also Gardache v. City of New Orleans Police Dept.*, 07–2496, p. 2 (La. 3/24/08), 977 So.2d 891, 892 ("A claim that a prior adjudication was incorrect, because of an erroneous interpretation of law, or because of reliance on a legal principle later overruled, is immaterial to the application of res judicata in a following proceeding so long as the requirements of res judicata are met.") (internal quotation marks and citation omitted).

We therefore find that, notwithstanding the correctness of the prior judgment, we cannot reconsider it here. This finding is critical for purposes of our determination of the prescription issue in this case.

**IV**

In this Part, we now turn to address the trial judge's ruling which sustained the exception of prescription and dismissed Ms. Scott's claims with prejudice. Upon our *de novo* review, we conclude that the trial judge correctly sustained Kindred's exception of prescription. We also conclude that the judge's factual findings made in

connection with her judgment were not clearly wrong.

## A

■ "The nature of a cause of action must be determined before it can be decided which prescriptive term is applicable." *M.R. Pittman Grp.*, at p. 11, 182 So.3d at 310 (quoting *Albe*, at p. 8, 150 So.3d at 367). The character of an action disclosed in the pleadings determines the prescriptive period applicable to that action. *See id.* As discussed above, the judgment in the first litigation ruled that Ms. Scott's claims were governed by the LMMA, which requires the claimant to first request a medical review panel. Ms. Scott then filed a request with the Division of Administration.[6]

■ Medical malpractice actions against a qualified health care provider have a prescriptive period of one year "from the date of the alleged act, omission, or neglect.…" La. R.S. 9:5628. Thus, all claims asserting medical malpractice must be submitted to a medical review panel within one year of the alleged acts. *See* La. R.S. 40:1231.8 A. The trial judge in this case found that the last day on which alleged injuries could possibly have been sustained was August 2, 2013, when Ms. Scott was last seen at Kindred for treatment. Prescription begins to run "when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is a victim of a tort." *Bosarge v. DePaul/Tulane Behavior-*

al Health Center, 09–1345, p. 5 (La.App. 4 Cir. 5/19/10), 39 So.3d 790, 794. Ms. Scott alleged that she was the victim of sexual battery, which last occurred on July 31, 2013 and did not assert any later "date of discovery of the alleged act, omission, or neglect." La. R.S. 9:5628 A.[7] She filed her request for a medical review panel on December 15, 2014, over a year after the alleged misconduct. On its face, therefore, the medical malpractice action is prescribed. *See Zaheri*, at pp. 7–8, 157 So.3d at 785.

## 1

■ The burden thereafter shifted to Ms. Scott to demonstrate that the one-year prescriptive period had not run. *See id.*, at pp. 7–8, 157 So.3d at 785. Ms. Scott attempted to meet this burden by arguing that the judgment sustaining the exception of prematurity was incorrect and that, at the time she filed her medical review panel request, it was timely under the two-year prescriptive period set forth in La. C.C. art. 3493.10. *See* Part I, *ante.*

■ We have already established however, that the judgment which dismissed Ms. Scott's civil suit on the grounds of prematurity is a final and valid judgment which is conclusive of the issue. The prior judgment concluded that Ms. Scott's claims are encompassed by the LMMA, which statutorily subjects such claims to a one-year prescriptive period. This adjudication is given res judicata effect and we

---

6. It appears Ms. Scott tailored the medical review panel pleadings to conform with a theory of medical malpractice as her original pleadings asserted a broader range of intentional criminal misconduct by Kindred's employees. Nevertheless, the prior judge found her allegations were encompassed by the Medical Malpractice Act.

7. There is no indication that Ms. Scott "discovered" the sexual battery at a later date and

thus was unaware of the malpractice before that time. *Cf. Campo v. Correa*, 01–2707, p. 9 (La. 6/21/02), 828 So.2d 502, 509 ("[A] petition should not be found prescribed on its face if it brought within one year of the date of discovery and facts alleged with particularity in the petition show that the patient was unaware of malpractice prior to the alleged date of discovery.…").

cannot reconsider the issue here. *See* Part II–B, *ante*. Even if we were to reopen the issue and find in Ms. Scott's favor, we cannot now turn back the clock. Both the one-year and three-year prescriptive periods under La. R.S. 9:5628 A and the two-year prescriptive period under Civil Code art. 3493.10 have run. And although filing a request for review of a malpractice claim ordinarily suspends the time within which suit must be instituted, this only holds true if the request is filed *timely*, which is not the case here. *See Bosarge*, at p. 2, 39 So.3d at 793.

The trial judge in this case likewise concluded that Ms. Scott's request for a medical review panel was untimely on its face, and that her failure to appeal the prior judgment which ruled that the claims arose out of medical malpractice barred any re-litigation of that issue.[8]

**2**

■ Ms. Scott also set forth an alternative argument based on the doctrine of *contra non valentum*, which, in pertinent part, prevents the running of prescription "when the defendant has done some act effectually to lull the victim into inaction and prevent him from availing himself of his cause of action." *M.R. Pittman Grp.*, at p. 12, 182 So.3d at 311 (internal citation omitted). The specific allegation was that Kindred intentionally failed to respond to subpoenas duces tecum, which documents were needed to substantiate her claims. The trial court, however, found that the earliest recorded motion to produce documents was filed on August 25,

2014, at which time the one-year prescriptive period had already expired.

**B**

Based on our review of the record, we do not find the trial judge's conclusions to be manifestly erroneous. And, based upon her factual findings, the trial judge was legally correct when she concluded that the applicable prescriptive period had run and that *contra non valentem* did not apply in this case. Ms. Scott's request for review of her medical malpractice claims against Kindred Hospital, filed on December 15, 2014, is therefore prescribed, and dismissal with prejudice was the proper result.

■ We recognize that *pro se* plaintiffs should generally be given more latitude than plaintiffs represented by counsel because they lack formal training in the law and rules of procedure. *See Dowl v. Redi Care Home Health Ass'n*, 09–1300, 09–1301, pp. 16–17 (La.App. 4 Cir. 2/3/10), 31 So.3d 596, 608. Nevertheless, a *pro se* litigant assumes responsibility for her lack of knowledge of the law, and must carry her burden of proof to be entitled to relief. *See Food Perfect, Inc. v. United Fire and Cas. Co.*, 12–2492, p. 2 (La. 1/18/13), 106 So.3d 107, 108; *see also Albe*, at pp. 13–14, 150 So.3d at 370 (recognizing that while ignorance of facts may, in certain situations, prevent running of prescription, ignorance of the law will not). In this case, Ms. Scott was unable to carry her burden to show that her medical malpractice action had not prescribed. And, notwithstanding the merits of her argument that the prior

---

**8.** Although the trial judge stated that the prior judgment was "law of the case," this doctrine only applies to rulings issued within the same case. *See Scott v. American Tobacco Co., Inc.*, 09–0461, pp. 4–5 (La.App. 4 Cir. 4/23/10), 36 So.3d 1046, 1050. Because the civil suit and the pleadings filed with the Division of Administration are two separate cases, res judi-

cata is the proper procedural principle in this situation. *Cf. Bank One, N.A. v. Velten*, 04–2001, p. 6 (La.App. 4 Cir. 8/17/05), 917 So.2d 454, 458–59 ("[T]he law of the case doctrine is the proper procedural principle, as opposed to *res judicata*, for describing the relationship between prior judgments by trial and appellate courts rendered within the same case.").

judgment finding her claims to be medical malpractice was incorrect, Ms. Scott's failure to appeal that judgment bars reconsideration of that issue.

## DECREE

The trial court's judgment in favor of Transitional Hospital Corporation of Louisiana, Inc., d/b/a Kindred Hospital New Orleans, sustaining its exception of prescription and dismissing with prejudice Sylvia Scott's claims against it, is affirmed. Each party to bear its own costs. *See* La. C.C.P. art. 2164.

**AFFIRMED**

LOBRANO, J., CONCURS IN THE RESULT.