| | | |
|---|---|---|
| **VERNON J. TATUM, JR.** | * | **NO. 2023-CA-0807** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **WILLIAM PEOPLES AND** | * | |
| **CATINA PEOPLES AND XYZ** | | **FOURTH CIRCUIT** |
| **INSURANCE COMPANIES** | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-07658, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
\* \* \* \* \* \*
**Judge Rachael D. Johnson**
\* \* \* \* \* \*
(Court composed of Chief Judge Terri F. Love, Judge Rachael D. Johnson, Judge
Nakisha Ervin-Knott)

**LOVE, C. J., CONCURS IN PART AND DISSENTS IN PART.**

Vernon J. Tatum, Jr.
4450 Franklin Avenue
Apartment 3
New Orleans, LA 70122

      COUNSEL FOR PLAINTIFF/APPELLANT


Timothy G. Schafer
SCHAFER & SCHAFER
328 Lafayette Street
New Orleans, LA 70130

      COUNSEL FOR DEFENDANT/APPELLEE

      **AFFIRMED; MOTION TO STRIKE GRANTED**
      **August 19, 2024**

This appeal concerns a dog bite case wherein the court granted a motion for summary judgment. Pro se appellant, Vernon J. Tatum, Jr. ("Mr. Tatum"), seeks review of the district court's October 12, 2023 judgment granting summary judgment in favor of appellees William Peoples ("William"), Catina Peoples ("Catina"), and XYZ Insurance Co. The district court granted William and Catina Peoples' (collectively referred to as "The Peoples") motion for summary judgment because Mr. Tatum failed to meet his burden of proof. For the following reasons, we affirm the district court's judgment.

## FACTS AND PROCEDURAL HISTORY

On September 13, 2019, Mr. Tatum was walking near Demontluzin Street and Gentilly Boulevard. While walking on the sidewalk in front of 3727 Gentilly Boulevard, ("the Peoples' residence"), Mr. Tatum was attacked and bitten on his lower left leg by the Peoples' dog. Shortly after the incident, the dog returned to an unlocked gate at 3727 Gentilly Blvd. Mr. Tatum approached the home to notify the residents of his injuries. He was greeted by Catina and was treated for his wounds with hydrogen peroxide. On September 11, 2020, Mr. Tatum filed suit against the Peoples for personal injuries.

1

On October 25, 2022, the Peoples filed a motion for summary judgment, alleging that they are not liable to Mr. Tatum because he cannot meet his burden of proof pursuant to La. C.C. art. 2321. On December 1, 2022, Mr. Tatum filed a motion to continue the motion for summary judgment hearing and a motion to compel a response to his request for production of documents and interrogatories. On December 16, 2022, the district court granted Mr. Tatum's motion to continue and ordered the parties to select discovery deadlines. The court set the deadline for discovery as May 31, 2023. After the discovery deadline had passed, the Peoples filed two motions to reset the hearing for their motion for summary judgment. The hearing for the Peoples' motion for summary judgment was reset for September 22, 2023. On October 12, 2023, the district court granted the Peoples' motion for summary judgment, finding that Mr. Tatum was unable to establish that the Peoples knew, or should have known, that their dog had a propensity to bite. This timely appeal followed.

After review of Mr. Tatum's brief, we deduce that his sole assignment of error is that the trial court erred in granting the Peoples' motion for summary judgment.

## STANDARD OF REVIEW

The appellate standard of review on a motion for summary judgment is a *de novo* standard. *Guilbeaux v. Lupo Enter., L.L.C.,* 21-0053, p. 4 (La. App. 4 Cir. 5/19/21), 321 So. 3d 447, 451. The Court in *Guilbeaux* stated:

> Appellate courts review the grant or denial of a motion for summary judgment *de novo*, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions,

2

answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.

*Id.* at pp. 4-5, 321 So. 3d 447, 451–52 (quoting *Chatelain v. Fluor Daniel Const. Co.*, 14-1312, p. 3 (La. App. 4 Cir. 11/10/15), 179 So. 3d 791, 793).

**DISCUSSION**

***Motion to Strike***

The Peoples assert that Mr. Tatum's Appellant brief violates Rule 2-12.4 of the Uniform Rules of Louisiana Courts of Appeal for various reasons. However, we note that Mr. Tatum is over seventy years old and is appearing pro se. Accordingly, this Court, in the interest of justice, shall exercise its judicial discretion and consider Mr. Tatum's Appellant brief. *See Bank of Am., N.A. as Tr. for Structured Asset Inv. Loan Tr., Mortg. Pass-Through Certificates, Series 2004-4 v. Conerly*, 23-0706, pp. 10-11 (La. App. 4 Cir. 5/10/24), ___ So. 3d ___, ___ 2024 WL 2104505, at *5.

Before addressing Mr. Tatum's argument, the Peoples request that Mr. Tatum's brief be stricken from the public domain because it violates Rule 2-

3

12.2(B) of the Uniform Rules of Louisiana Courts of Appeal. Rule 2-12.2(B) states the following:

> The language used in the brief shall be courteous, free from vile, obscene, obnoxious, or offensive expressions, and free from insulting, abusive, discourteous, or irrelevant matter or criticism of any person, class of persons or association of persons, or any court, or judge or other officer thereof, or of any institution. Any violation of this Subsection shall subject the author, or authors, of the brief to punishment for contempt of court, and to having such brief returned.

We agree. Mr. Tatum frequently uses insulting and slanderous language about the district court judge presiding over his case, the attorney representing the Peoples, and the court reporter. To remedy this, we will strike the portions of Mr. Tatum's brief that include the insulting language.[1] *See Trombettas v. Williams*, 23-0250, pp. 16-18 (La. App. 1 Cir. 9/15/23), 372 So. 3d 360, 371-72. This language violates Rule 2-12.2(B) of the Uniform Rules of Louisiana Courts of Appeal, and as such, those portions of Mr. Tatum's brief shall be stricken from the public domain. The electronic and hard copy of Mr. Tatum's brief shall reflect the redacted changes as part of this Court's record.

***Motion for Summary Judgment***

Mr. Tatum argues that the trial court erred in granting summary judgment because the Peoples housing a German Shepherd behind an unsecured yard gate was highly unreasonable. Thus, the Peoples are responsible for the injuries

---

[1] The portions that relate to or include this language are on page 2, paragraph D; pages 3-4, paragraph O; Page 4, paragraphs P and Q; pages 4-5, paragraph R; and page 5, Paragraph U and Section III titled "Conclusion".

imposed by their dog. La. C.C. art. 2321(A) and (B)[2] outlines the standard for damage caused by animals as the following:

> (A) The owner of an animal, including livestock, is answerable for the damage caused by the animal. However, he is answerable for the damage only upon a showing that the owner knew or, in the exercise of reasonable care, should have known that his animal's behavior would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
>
> (B) Nonetheless, the owner of a dog is strictly liable for damages for injuries to persons or property caused by the dog and which the owner could have prevented and which did not result from the injured person's provocation of the dog.

In order to establish strict liability and that the dog owner could have prevented injuries to the plaintiff, the plaintiff must "show that the risk of injury outweighed the dog's utility such that it posed an unreasonable risk of harm." *Pepper v. Triplet*, 03-0619, p. 19 (La. 1/21/04), 864 So. 2d 181, 194. The Court in *Pepper v. Triplet* further explained the unreasonable risk of harm standard by stating:

> If the animal posed an unreasonable risk of harm, then the owner will be presumed to be at fault, because he failed to prevent an injury he could have prevented, and he will be held strictly liable for an injury caused by his dog, unless he can show that the injury was due solely to the fault of a third party unattributable to him or to a fortuitous event, or, as Article 2321 now provides, the plaintiff fails to establish that the injuries did not result from the injured person's provocation of the dog.

*Id*. Further, the unreasonable risk of harm requirement is viewed as "a limitation … upon the reach of strict liability, so the owner of an animal is not required to insure against all risk or loss." *Id*. at p. 20, 864 So. 2d at 195.

---

[2] On May 23, 2024, the Legislature of Louisiana amended and reenacted Civil Code Article 2321 to include liability for damages caused by livestock.

If the plaintiff fails to establish that the defendant's dog posed an unreasonable risk of harm, the plaintiff can instead apply a negligence standard. *Id*. at p. 26, 864 So. 2d at 198-199. To establish negligence, a traditional duty/risk analysis is used, and the plaintiff must prove five elements. *Id*. at p. 27, 864 So. 2d at 199. The five separate elements are the following:

> (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element).

*Id*. (quoting *Davis v. Witt*, 02-3102, 02-3110, p. 11 (La. 7/2/03), 851 So. 2d 1119, 1127).

Mr. Tatum argues that the Peoples repairing the yard fence after the incident occurred is evidence of a defect in their previous fence. Mr. Tatum further argues that the Peoples' dog is a German Shepherd and that they are seen as one of the most aggressive dog breeds.[3] Mr. Tatum concludes that because the German Shepherd is one of the most aggressive dog breeds, along with the defect in the fence at the time of the incident, the Peoples created an unreasonable risk of harm. After reviewing the record, we find that this assignment of error is without merit.

Mr. Tatum's assertion that the repaired yard fence is evidence of a defect in the Peoples' fence at the time of the incident is unpersuasive. According to La.

---

[3] Mr. Tatum relies on an advice article posted on Goldberg & Loren law firm's website for this claim, in which German Shepherds, along with Rottweilers and Pit Bulls, account for nearly 75% of all bites reported in the United States each year. Notably, Goldberg & Loren do not practice in Louisiana.

C.E. art. 407, "when, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event." Based on La. C.E. art. 407, the Peoples repairing their fence after the incident cannot be used as evidence to show that they created an unreasonable risk of harm.

A particular dog breed being seen as "aggressive" is not a factor that is considered when evaluating whether a dog owner created an unreasonable risk of harm. Past cases, instead, considered factors such as whether the dog owner could've prevented the injury, whether the dog was restrained or completely enclosed in the property, whether the dog was provoked, and whether the dog aggressively approached strangers or showed aggressive tendencies to strangers in the past. *See Becker v. Keasler*, 05-1479, pp. 6-7 (La. App. 4 Cir. 1/17/07), 950 So. 2d 92, 95-96. In the case *sub judice*, Mr. Tatum failed to point to any of these factors in his brief or during the September 22, 2023 hearing for the Peoples' motion for summary judgment. Mr. Tatum himself admitted that the dog has never shown aggressive tendencies in the past when he walked in front of the Peoples' yard. During the September 22, 2023 hearing, Mr. Tatum stated "I've never heard the dog bark. Matter of fact, I didn't even know there was a dog on the property. 'Cause I had walked in front of this property numerous amount of times from where I lived at going to the Wal-Mart store." In their affidavit, the Peoples attest that their dog has no history of aggression, doesn't regularly bark at people, has never bitten anyone before, and has shown to be docile by playing with the Peoples' kids and their friends in the past. The Peoples had no reason to believe

7

that their dog would bite anyone, and Mr. Tatum did not introduce evidence to the contrary.

We note that a review of the record reveals that Mr. Tatum did not file an opposition to the motion for summary judgment. Instead, he filed a motion to compel discovery and argued that the Peoples were not entitled to summary judgment because they had failed to comply with the discovery rules. At the hearing on the motion, Mr. Tatum admitted that he had been mistaken and had, in fact, received the requested discovery responses. Despite this, he still failed to file a formal opposition to the Peoples' motion for summary judgment. We acknowledge that Mr. Tatum is representing himself and may not have formal knowledge of the law. *Pro se* plaintiffs are generally given more latitude than those represented by counsel. *In re Medical Review Panel Claim of Scott*, 16-0145, pp. 14-15 (La. App. 4 Cir. 12/14/16), 206 So. 3d 1049, 1058. However, "a *pro se* litigant assumes responsibility for [his] lack of knowledge of the law" and must still meet the requisite burden of proof in his case. *Id*. at p. 15, 206 So. 3d at 1058.

To support their motion, the Peoples' attached their affidavits attesting that their dog did not have a history of aggression and Mr. Tatum's deposition wherein he admits he didn't know whether the dog had a history of aggression. As such, the Peoples' met their requisite burden of proof, and the burden shifted to Mr. Tatum to show that a genuine issue remained.

As we explained *In the Matter of Sherman*, "the trial court must grant a motion for summary judgment if, after the parties had an opportunity for adequate discovery, the mover proves that there are no genuine issues of material fact to be resolved." 24-0010, p. 2 (La. App. 4 Cir. 5/08/24), __ So. 3d ___, ___, 2024 WL

2044800 (citing La. C.C.P. art. 966(A)(3)). Furthermore, "[i]f the mover meets his burden, then the burden shifts to the non-moving party to bring forth evidence showing that a genuine issue of material fact remains." *Id*. (citing La. C.C.P. art. 966(D)(1); *Babin v. Winn-Dixie Louisiana, Inc.*, 00-0078, p. 4 (La. 6/30/00), 764 So. 2d 37, 39-40). However, "[i]f the non-moving party fails to produce evidence of such, the court is **required** to grant summary judgment." *Id*. at p. 3, ___ So. 3d at___, 2024 WL 2044800 (citations omitted) (emphasis added). In reaching its determination "[t]he trial court can only consider the documents filed in support or opposition to the motion for summary judgment. *Id.* (citing La. C.C.P. art. 966(D)(2)). In this case, Mr. Tatum did not file an opposition nor submit evidence to oppose the Peoples' summary judgment motion, even after being given the chance to conduct discovery. The only evidence the trial court had to consider were the uncontested affidavits and deposition attached to the Peoples' motion for summary judgment. As Mr. Tatum had failed to meet his burden, the trial court properly granted the motion for summary judgment.

Mr. Tatum failed to establish that the Peoples created an unreasonable risk of harm or that the Peoples were negligent for the dog bite. As a result, there was no genuine issue of material fact, and we find that the district court did not err in granting the Peoples' motion for summary judgment.

**<u>DECREE</u>**

For the foregoing reasons, the judgment of the district court is affirmed. The Peoples' motion to strike Mr. Tatum's Appellant brief is granted as to paragraphs D, O, P, Q, R, U, and Section III titled "Conclusion". The electronic and hard copy

9

of Mr. Tatum's brief shall reflect the redacted changes as part of this Court's record.

**AFFIRMED; MOTION TO STRIKE GRANTED**